

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

February 21, 1962

Honorable T. W. Bullington
County Attorney
Benjamin, Texas

Opinion No. WW-1265

Re: Whether a Justice of
the Peace is entitled
to receive a $4.00
trial fee for each
criminal case filed
in his court and dis-
missed at the request
of the county attorney
and related questions

Dear Mr. Bullington:

You have requested an opinion on the following questions:

"Question No. One - Is a Justice of
the Peace entitled to receive a $4.00
trial fee for each criminal case filed in
his court and dismissed at the request
of the County Attorney?

"Question No. Two - Is a Justice of
the Peace entitled to receive a $4.00
trial fee for each criminal case filed
in his court and dismissed by himself?

"Question No. Three - Is a Justice of
the Peace entitled to receive a $4.00
trial fee for a criminal case filed in
his court, and at a later date it is
determined that a criminal offense had
not been committed, and said case is
dismissed by request of the County
Attorney?

"Question No. Four - Is a Justice of
the Peace entitled to receive a $4.00
trial fee in any criminal case tried
which an acquittal is had when the State
of Texas is not represented by its County
Attorney or his assistant, the District
Attorney or his assistant?"

The question of payment of fees to the Justice of the Peace when there had been a dismissal was fully answered in Attorney General's Opinions No. O-391 and O-6096. We are enclosing copies of these opinions for your information. To quote from Opinion No. O-6096:

"The plain and specific language of Article 1052, supra, is that the judge and justice of the peace must both try and finally dispose of the case before him to be entitled to the fee provided therein."

We reaffirm our previous opinions that upon dismissal at the request of the County Attorney or Justice of the Peace there is not a trial or disposition within the meaning of Article 1052, Vernon's Code of Criminal Procedure. See Brackenridge v. State, 11 SW 630, (Ct. App. 1889).

As to Question No. Four, the langauge of Article 1052, V.C.C.P., is clear and unambiguous. The Commissioners Court shall not pay any amount or trial fee in any case tried in which an acquittal is had unless the State is represented by counsel as set out in the Statute.

In conclusion, all your questions are answered in the negative.

### S U M M A R Y

Under Article 1052, Vernon's Code of Criminal Procedure, the Justice of the Peace is not entitled to a trial fee if the case is dismissed.

The Commissioners Court shall not pay any trial fee in any case tried in which an acquittal is had unless the State is represented by counsel as set out in Article 1052, V.C.C.P.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Irwin R. Salmanson
Irwin R. Salmanson
Assistant Attorney General

IRS:bjh

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Riley Eugene Fletcher
Elmer McVey
L. P. Lollar
Bill Allen

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Houghton Brownlee, Jr.